## IN RE: ALVAH H. WEATHERS

31 So. (2nd) 543                      June Term, 1947
July 29, 1947                           Division B

*P. Donald DeHoff* and *William J. DeHoff,* for appellant.

*J. Tom Watson,* Attorney General, *E. W. Welch* and *Thomas V. Kiernan,* Assistant Attorneys General, for appellee.

BUFORD, J.:

We here review on appeal the judgment of the Circuit Court in and for Duval County, Florida, affirming on Certiorari the order of Florida State Board of Medical Examiners canceling, revoking and forfeiting the license theretofore issued by the Board of Eclectic Medical Examiners of the State of Florida to Alvah H. Weathers to practice medicine in the State of Florida on the 11th day of February, 1921, which license had been duly recorded in the proper records of Duval County on the 23rd day of June, 1921.

The record shows that the Florida State Board of Medical Examiners was and is an administrative Board vested with quasi-judicial power under the provisions of Chapter 458 Florida Statutes 1941 (same F.S.A.). That amongst other things, the said Board, by following prescribed procedure, has the power to cancel, revoke and thereby declare forfeited the right of any license-holder to continue to practice medicine in the State of Florida. See Sections 458.11 and 458.12 Fla. Statutes 1941 (same F.S.A.).

On the 26th day of October, 1946, Dr. Alvah H. Weathers was charged before said Board as folows:

"I, the undersigned, as Secretary of the State Board of Medical Examiners of Florida, do hereby charge that ALVAH H. WEATHERS, of Duval County in the State of Florida, a physician, has been convicted in a court of competent jurisdiction of a felony, in that, to-wit: the said Alvah H. Weathers, in the District Court of the United States, Southern District of Florida, Jacksonville Division, Number 6339-J Criminal on the 3rd day of June 1942, was convicted of the charge of mailing non-mailable matter in violation of Section 334, Title 18, United States Code.

"WHEREFORE, the said Alvah H. Weathers being charged with the conviction of a felony, contrary to Section 458.12, Florida Statutes 1941, the said Alvah H. Weathers shall be duly notified to appear and answer the same as required by law, and if said charge as set forth herein shall be satisfactorily proven, the right and license of the said Alvah H. Weathers to practice medicine in the State of Florida shall be revoked, suspended and annulled.

"DATED this 26th day of October, 1946."

On November 25th, 1946, the State board of Medical Examiners entered its order revoking the license, supra, in, inter alia, the following language:

"Ordered, adjudged and denied that the license to practice medicine in the State of Florida heretofore granted to defendant, Alvah H. Weathers, be and the same is hereby revoked, annulled and rescinded as of this date and the said license of said licentiate is hereby called in, and the Clerks of the Circuit Courts of each and every County wherein the said license may be recorded are hereby instructed to mark the same cancelled and null and void."

Dr. Weathers applied to the Circuit Court for Writ of Certiorari, which was granted.

Respondents filed return and motion to quash the writ. Motion to quash was granted and appeal was perfected.

The charge against Dr. Weathers is based on an act alleged to have occurred on the third day of June, 1942. The charge was made before the Board against the doctor on the 26th day

of October, 1946, or four years, four months and 23 days after the matter charged was alleged to have occurred. This was an unconscionable time to wait to begin these proceedings, but we find no statute of limitations which bar such proceedings because of the running of time.

Section 458.12, supra, in sub-paragraph (2) provides:

"That the physician has been convicted in a court of competent jurisdiction of a felony. The conviction of a felony shall be the conviction of any offense which if committed within the State of Florida would constitute a felony under the laws thereof."

The record shows that the conviction of Dr. Weathers constituting the basis of the charge was had in the United States District Court of the Southern District of Florida and was of the commission of a Federal offense which offense comprehended no offense that would constitute a felony under the laws of the State of Florida.

It is not shown by the record here that the offense of which Dr. Weathers was convicted in the Federal District Court included or embraced any act on his part which violated any law of the State of Florida or that such alleged act was a felony under the laws of the State of Florida.

The case of State ex rel. Munch v. Davis, 143 Fla. 236, 196 So. 491, involved a conviction of using the mails to defraud by selling false and bogus diplomas through the mails. This involved and embraced the offense denounced by Sec. 817.01 Fla. Statutes 1941 (same F.S.A.) formerly Sec. 7258 C.G.L. and, therefore, our opinion and judgment in that case is not applicable here.

The rule appears to be well established that,

"Where a Board or officer is granted a power to revoke a license for certain reasons, causes or crimes set out in the statute, the license may not be revoked for any other or different cause or causes not clearly within the provisions of the statutes. . . ."

See Kentucky State Board of Dental Examiners v. Crowell, 294 S.W. 818; State ex rel. Sbordy v. Rowlett et al. 138 Fla. 330, 190 So. 59.

In Osborne v. Simpson et al., 94 Fla. 793, 114 So. 543, we held:

"It is not allowable to bend the terms of an Act of the Legislature to conform to our view as to the purpose of the Act where its terms are expressed in language that is clear and definite in meeting. Certainly it is not permissible to strike out words of plain, definite meaning and substitute others in order that the purpose of the Act after such remodeling may more nearly conform to our notions as to its purpose and be congruent with our views as to what language should have been used to accomplish such purpose of the statute."

In this connection we should note that Sec. 13 of Chapter 8415 Acts of 1921 prescribed as one of the grounds for revocation of license "conviction of crime involving moral turpitude." That Act was amended by Chapter 12285 Acts of 1927 and by that Act the above quoted language was eliminated and the following language was inserted in lieu thereof: "That a physician has been convicted in a court of competent jurisdiction of a felony." The conviction of a felony shall be the conviction of any offense which, if committed in the State of Florida, would constitute a felony under the laws thereof." So by the latter Act the legislature limited this ground so that it was required that a conviction to be a cause for revocation of license had to be not only a felony but of an act which is a felony under the laws of the State of Florida.

As heretofore observed, the felony of which Dr. Weathers was convicted did not involve an act which was a felony under the laws of the State of Florida. Therefore, it did not come within the statutory grounds prescribed by the legislature for the revocation of a license.

For the reasons stated, the judgment of the Circuit Court is reversed with directions that that court enter an order quashing the order of revocation made by the State Board of Medical Examiners and directing that the cause be dismissed.

So ordered.

THOMAS, C. J., ADAMS and BARNS, JJ., concur.