348 So.2d 923 (1977)
Joseph L. LESTER, Jr., Appellant,
v.
DEPARTMENT OF PROFESSIONAL AND OCCUPATIONAL REGULATIONS, STATE BOARD OF MEDICAL EXAMINERS of florida, Appellee.
No. FF-228.
District Court of Appeal of Florida, First District.
July 29, 1977.
Rehearing Denied September 1, 1977.
*924 Mallory H. Horton, Horton, Perse & Ginsberg, Miami, for appellant.
Michael I. Schwartz, Slepin & Schwartz, Tallahassee, for appellee.
MASON, (Retired), Associate Judge:
This is an appeal from a final judgment of the Circuit Court of Leon County in which the trial court refused to restrain or enjoin the appellee Board (defendant below) from prosecuting disciplinary action against the appellant (plaintiff below) pursuant to Chapter 458.1201(1), F.S., for alleged unprofessional conduct within the intent and meaning of Section 458.1201(1)(m) of such Chapter.
On February 17, 1977, the appellant, a licensed physician and surgeon practicing in Key West, Florida, brought the action below for declaratory judgment seeking an adjudication that a certain charge of unprofessional conduct made against him by the appellee Board pursuant to said Section 458.1201(1)(m) was not such as to be encompassed within the meaning and intent of such statute, and for an injunction against the appellee Board prosecuting such charge.
The administrative complaint filed by the Board alleged that the appellant received checks in various amounts from Key West Association, Inc., T/A DePoo Hospital between March of 1974 and August of 1976, which the Board charged amounted to a 4% rebate or kick-back of either the gross hospital receipts or of the total hospital charges incurred by the appellant's patients in such hospital, and that such action on his part constituted unprofessional conduct within the meaning of said Section 458.1201(1)(m). Attached to appellee's administrative complaint were two exhibits: (1) a consultant agreement dated June 1, 1965, by which appellant was to receive 4% of the gross receipts of the hospital for acting as a consultant to the owner of the hospital in the management, planning and operation of the DePoo Hospital, and (2) an agreement dated January 31, 1975, by which appellant was to continue to serve the hospital as such consultant for which services he would be paid a fixed compensation monthly of Fourteen Hundred ($1400.00) Dollars.
*925 In its administrative complaint the appellee Board charged that these agreements were no more than cover-ups for rebates or kick-backs to the appellant of portions of the charges made by the hospital to the appellant's patients. Such, the appellee contends, amounts to unprofessional conduct proscribed by Section 458.1201(1)(m).
The trial court, after hearing, made two conclusions: (1) that the statute as framed was not intended as a limitation or restriction on what might be termed unprofessional conduct, and (2) that the administrative complaint, though specifying that it was brought under Section 458.1201(1)(m) would also lie under the provisions of another subsection of Section 458.1201(1), viz subsection (h), which prohibits a licensee from engaging in unethical and deceptive conduct or practice. Thereupon, the trial court refused to enjoin the appellee Board from proceeding with the disciplinary action against the appellant. It is to be noted that the Board in preferring the charge of unprofessional conduct against the appellant specifically charged him with unprofessional conduct as proscribed only by subsection (m) of Section 458.1201(1).
Section 458.1201 is the section of the Medical Practice Act (Chapter 458, F.S.) which deals with the powers of the Board in the denial, suspension, revocation of license, and other discipline of medical practitioners. It reads, in part, as follows:
"458.1201  Denial, suspension, revocation of license; disciplinary powers 
(1) The board shall have authority to deny an application for a license or to discipline a physician licensed under this chapter or any antecedent law who, after hearing, has been adjudged unqualified or guilty of the following: (Here is set forth several categories of disqualification or misconduct included in which is subsection (m)).
Subsection (m) sets forth as grounds for denial of license to or discipline of a physician the following facets of misconduct:
"(m) Being guilty of immoral or unprofessional conduct, incompetence, negligence, or willful misconduct. Unprofessional conduct shall include any departure from, or the failure to conform to, the standards of acceptable and prevailing medical practice in his area of expertise as as determined by the board, in which proceeding actual injury to a patient need not be established; when the same is committed in the course of his practice, whether committed within or without this state." (Emphasis supplied)
The administrative charge against the appellant was for unprofessional conduct claimed to be proscribed by the above quoted subsection of the statute and we are called upon to decide whether the acceptance of rebates or kick-backs, if in fact the doctor did receive the same from the hospital, is condemned unprofessional conduct as that term is included within this particular subsection of the statute. We hold that it is not.
In construing the language and import of this statute we must bear in mind that it is, in effect, a penal statute since it imposes sanctions and penalties in the nature of denial of license, suspension from practice, revocation of license to practice, private or public reprimand, or probation, upon those found guilty of violating its proscriptions. This being true the statute must be strictly construed and no conduct is to be regarded as included within it that is not reasonably proscribed by it. Furthermore, if there are any ambiguities included such must be construed in favor of the applicant or licensee.
It is true that the legislature in enacting Chapter 458 stated that the statute was enacted in the interest of the public welfare and is to be liberally construed so as to advance that purpose. But such laudable expression of purpose does not justify a construction which includes within the ambit of the statute's proscription conduct not clearly included therein. Nor does it justify a construction that would deny to an individual physician the right to know in advance from a reading of the language what conduct is proscribed by the legislature. See Ex Parte Amos, 93 Fla. 5, 112 So. 289 *926 (1927). Nowhere in this subsection is the receipt or acceptance of rebates prohibited or declared to be unprofessional conduct.
It is clear that what the legislature was condemning as unprofessional conduct in this particular subsection was conduct by a practicing physician in the practice of medicine which did not conform to the prevailing standards of practice exercised by other practitioners in the same area of practice or expertise. The proscription is against poor medical practice as measured by the prevailing standards of good practitioners. It would take a strained construction indeed to say that the underscored language in the statute condemns anything else. There is not the slightest suggestion, implication or inference that the receipt of rebates or kick-backs, however deplorable that might be, would constitute unprofessional conduct under the definition of that term as declared by the legislature in this particular subsection of the statute. Had the legislature desired to include the receipt of rebates or kick-backs within the term "unprofessional conduct" it could have easily said so. It is beyond the function and power of the court to read into a statute a proscription not clearly or by reasonable implication included therein.
Nor does the fact, as suggested by appellee, that the legislature in 1976 by an amendment to the Medical Practice Act (Chapter 458 F.S.), outlawed the acceptance of kick-backs from physicians by abortion referral or counseling agencies authorize this court to read such proscription into Section 458.1201(1)(m). Had the legislature intended to include kick-backs or rebates as within the term "unprofessional conduct" proscribed by said section it could have readily done so by further amendment to the Medical Practice Act in 1976. Therefore, we hold that the lower court erred in ruling that the alleged receipt by appellant of rebates or kick-backs constituted "unprofessional conduct" within the meaning of that term as provided in Section 458.1201(1)(m).
The trial court in its judgment upholding the action of appellee Board in its charge of unprofessional conduct against the appellant attempted to fortify his ruling that the acceptance of rebates falls within the ambit of unprofessional conduct proscribed by Section 458.1201(1)(m) by linking this particular subsection of the statute with another subsection of the same statute, viz., Section 458.1201(1)(h). In his ruling the trial court stated:
"Further, it is the opinion of this court that, though the complaint specified that it was brought under Section 458.1201(1)(m) that it would also lie under the provisions of Section 458.1201(1)(h) which prohibits a licensee from engaging in unethical and deceptive conduct or practice."
Section 458.1201(1)(h) provides as follows: "(h) Engaging in any unethical, deceptive, or deleterious conduct or practice harmful to the public in which proceeding proof of actual injury need not be established."
And by reverting to Section 458.1201(1) there is the legislative declaration that the Medical Board (appellee) is given the authority to discipline a licensee for a violation of this last quoted subsection.
The appellant has assigned as error this finding of the trial court that the charge of "unprofessional conduct" could be sustained under this subsection (h). We agree that this finding was in error for it was not within the purview of the charge preferred against the appellant nor of the issues raised by the pleadings in the court below. By so holding that the charge could be sustained under this last quoted subsection when no notice was given to appellant that he was charged with a violation of such subsection and no opportunity given to raise this issue in the pleadings below, the court denied the appellant due process of law. Section 458.121 dealing with the procedure for revocation and suspension, etc., of licenses in subsection (3) thereof specifically provides that a copy of the charges against a licensee shall be served upon him, together with the notice of the time and place of the hearing before the board, at least twenty days before the time fixed for the hearing. *927 The only charge of which the appellant was given any copy or notice of hearing was the charge claiming that he was guilty of unprofessional conduct proscribed by Section 458.1202(1)(m). Therefore, for the court to hold that the appellant could be found guilty under subsection (h) of Section 458.1201(1) amounts to a denial of due process. See Johnson v. Johnson, Fla.App., 346 So.2d 591, opinion filed May 18th, 1977.
Concluding as we do that the issue as to whether the acceptance of rebates as charged constituted a basis for disciplinary action under the provisions of Section 458.1201(1)(h) was not raised by the pleadings below it is not necessary for us to determine the constitutionality of such subsection as to such charge. We leave the resolution of that issue to such time as it is properly before us to resolve, for our decision on this point is without prejudice to the appellee Board to attempt to discipline the appellant by framing the charge under said subsection, at which time the Court below will be empowered to pass upon the question under issues properly framed by the pleadings.
In summary we hold: (1) That the acceptance of rebates or kick-backs is not within the proscription of "unprofessional conduct" as that term is used in Section 458.1201(1)(m), (2) That whether such conduct is proscribed by the provisions of Section 458.1201(1)(h) was not in issue before the trial court in this proceeding and that his ruling to the contrary was void because of a denial of due process to the appellant, and (3) That we do not pass upon the constitutionality of either Section 458.1201(1)(m) nor Section 458.1201(1)(h) since our decision herein is predicated upon the other reasons heretofore stated herein, leaving such issue of constitutionality for resolution if and when the issue is properly presented so as to require such determination.
Reversed and remanded with direction to the trial court to enter an appropriate judgment in accordance with the views herein expressed.
It Is So Ordered.
DREW, E. HARRIS, (Retired), Associate Judge, concurs.
BOYER, Acting C.J., concurs specially.
BOYER, Acting Chief Judge, concurring specially.
I am in complete accord with the foregoing opinion and concur therein. I have some question as to the procedure employed by appellant for review (see State ex rel. Dept. of General Services v. Willis, 344 So.2d 580 (Fla.1st DCA 1977); School Board of Leon County, Fla. v. Mitchell, 346 So.2d 562 (Fla.1st DCA 1977) and McDonald et al. v. Dept. of Banking and Finance, 346 So.2d 569 (Fla.1st DCA 1977).
However no procedural issue was either raised or briefed, therefore we may not address it.