BOYER, Acting Chief Judge.
Shorn of excess verbiage and semantics the real issue here involved is whether the respondent, Florida State Board of Osteopathic Medical Examiners, may proceed under an administrative complaint to revoke the license, or otherwise discipline, petitioner, Morry S. Fox, a licensed doctor of Osteopathic medicine. Stated another way, the basic issue is whether the administrative complaint filed by respondent and dated June 21, 1977 contains sufficient recitals to permit the action sought to be taken by respondent which is, as recited in the administrative complaint, “to revoke, annul, withdraw or suspend the referenced license and the licensee’s right to practice thereupon * * * ”. (See Lester v. Dept. of Prof. & Occ. Regulations, 348 So.2d 923 (Fla. 1st DCA 1977))
The administrative complaint is couched in seventeen separate counts. The allegations of each count are identical except as to date of the alleged offense and the person or persons relative to whom the alleged offense was committed. Count I is representative of all of the counts and contains all allegations necessary for our discussion here. It alleges, in material part, that:
“1) On or about [date], at Miami, Dade County, for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and attempting to do so, you MORRY S. FOX, along with others, knowingly caused to be delivered by mail, * * * a demand letter * * * such demand based in part on your representations that you had rendered medical services in your office to the said * * * in violation of Title 18, United States Code, Sections 1341 and 1342.
“2) The doing of the above act constitutes a violation of Section 459.-14(2)(h)(k)(m) and (n) in that you MOR-RY S. FOX violated Rule 21R-3.12 of the Florida Administrative Code which is a part of the Code of Ethics of the Florida State Board of Osteopathic Medical Examiners; that you committed an act contrary to honesty and as such are guilty of unprofessional conduct; and that you violated the laws of the United States which constitutes unprofessional conduct.”
A careful reading leads us to wonder exactly what charge is intended to be made by the above quoted language. Paragraph 1) alleges a violation of a federal law “for the purpose of executing a scheme and artifice to defraud and for obtaining money and property by means of false and fraudulent pretenses, representations and promises, and attempting to do so”. However, it is well settled that violation of a federal law does not authorize a punishment under state law unless the conduct which constituted a violation of the federal law is also proscribed by state law. (See In re Weathers, 159 Fla. 390, 31 So.2d 543, (1947)). Apparently being mindful of that principle the scrivener of the administrative complaint sought to relate the alleged violation of federal law to a statute of the State of Florida by alleging in paragraph 2) that “[t]he doing of the above act constitutes a violation of section 459.14(2)(h)(k)(m) and (n)”. However, the scrivener did not stop there, but alleged that violation of the just mentioned statutes was accomplished by violation of Rule 21R-3.12 of the Florida Administrative Code which is a part of the Code of Ethics of the Florida State Board of Osteopathic Medical Examiners. The language employed in paragraph 2), above quoted, does not allege a violation of the mentioned statutes and a violation of the mentioned rule, but instead alleges that the statutes were violated “in that you Morry S. Fox violated Rule 21R-3.12 of the Florida Administrative Code * * * ”. It is apparent, therefore, that the complaint is sought to be based upon a violation of the mentioned rule of the Florida Administrative Code. That rule provides as follows:
“21R-3.12 Compliance with Law. The physician shall cooperate fully in comply *517 ing with all laws and regulations pertaining to practice of the healing arts and protection of the public health.” (emphasis added)
We arrive, therefore, in exactly the same situation as the court found itself in Lester v. Dept. of Prof. & Occ. Regulations, supra.
In the Lester case the doctor was charged with “unprofessional conduct within the meaning of * * * section 458.-1201(l)(m).” By virtue of the verbiage employed by the legislature in the promulgation of that statute (F.S. 458.1201(l)(m)) this court held that the “unprofessional conduct” condemned by the legislature in that particular statute “was conduct by a practicing physician in the practice of medicine which did not conform to the prevailing standards of practice exercised by other practitioners in the same area of practice or expertise.” The author of the opinion explained:
“ * * * The proscription is against poor medical practice as measured by the prevailing standards of good practitioners. It would take a strained construction indeed to say that the underscored language [the concluding sentence of the statute] in the statute condemns anything else.” (348 So.2d at page 926)
Sub judice, respondent correctly calls to our attention that the statutes mentioned in the administrative complaint contain no equivalent language to that emphasized by the Lester court in the statute there involved. However, the rule of the Florida Administrative Code under which petitioner is charged sub judice does contain similar or equivalent language. It is clear that that rule (21R-3.12) is restricted in its application to “all laws and regulations pertaining to practice of the healing arts and protection of the public health”. There is not the slightest suggestion in the seventeen counts of the administrative complaint involved sub judice that the laws allegedly violated by petitioner pertained in any manner “to practice of the healing arts and protection of the public health”.
Notwithstanding the holding by this court in the Lester case that statutes such as those here involved must be strictly construed and any ambiguities must be construed in favor of the licensee and further that the individual physician has “the right to know in advance from a reading of the language what conduct is proscribed” (348 So.2d page 925), respondent urges that we should look not only to the quoted rule of the Florida Administrative Code, but also at the various subsections of the statute referred to in the administrative complaint. However, no help appears to there be forthcoming. As noted, the administrative complaint refers to paragraphs (h), (k), (m) and (n) of F.S. 459.14(2).
Paragraphs (h) and (k) proscribe violation of the Code of Ethics of Osteopathic physicians and surgeons promulgated under the rules and regulations of the Board of Osteopathic Medical Examiners and violation of the rules and regulations of the Board of Osteopathic Medical Examiners filed with the Department of State. As to those paragraphs no violation is alleged except as to Rule 21R-3.12, above quoted, which, for the reasons already explained, has no applicability here. We are precluded from considering any other of the mentioned rules for the reason that they are not within the purview of the charge preferred against petitioner nor are they issues made by the pleadings nor briefs. (Lester v. Dept. of Prof. & Occ. Regulations, supra)
On first blush paragraph (m) would appear to be applicable by virtue of the concluding clauses which provide that unprofessional conduct shall include “the committing of any act contrary to honesty, whether the same is committed in the course of practice or not.” However, a close reading of that paragraph reveals that it is bottomed upon “a finding by the Board that the individual is guilty of immoral or unprofessional conduct”. The administrative complaint sub judice alleges no such finding.
Paragraph (n) is restricted in its application to the violation of a statute or law which “relates to the practice of medicine.” Here, as in In Re Weathers, supra, and Lester v. Dept. of Prof. & Occ. Regulations, *518 supra, there is no allegation nor even inference that the federal law alleged to have been violated by petitioner “relates to the practice of medicine”.
We conclude, therefore, as we did in the Lester case, that the seventeen count administrative complaint filed against petitioner fails to allege a basis for the actions sought to be taken by respondent against petitioner.
By this opinion we should not be interpreted as condoning the conduct of which petitioner is alleged to be guilty. Neither do we decide whether under existing statutory law and the Florida Administrative Code petitioner may be disciplined for the conduct alleged. We only hold that as the administrative complaint is framed no charge has been made against petitioner.
Pursuant to F.S. 120.68 this case is remanded for further proceedings not inconsistent herewith.
Motion for rehearing or clarification, if filed, shall be filed within 8 days from the date hereof.
IT IS SO ORDERED.
MELVIN, J., concurs.
ERVIN, J., dissents.