### THOMAS v. STATE
No. 78-60-AP F
Circuit Court, Duval County
May 23, 1979

Lacy Mahon, Jr., Jacksonville, for the appellant.

Susan E. Mole, Assistant State Attorney, for the State.

JOHN S. COX, Circuit Judge

This is an appeal from an Order entered by the trial Court on October 6, 1978 denying Appellant's petition for hearing, which petition had been timely filed pursuant to Florida Statute 322.261(1)(e) after Appellant had received a notice from The State of Florida Department of Highway Safety and Motor Vehicles of a three (3) months suspension of his driver's license for refusal to submit to a test for the purpose of determining the alcoholic content of his blood. The order appealed from stays the revocation of Appellant's license pending disposition of this appeal.

The petition filed by Appellant in the trial Court sets forth the four (4) determinative issues to be decided by the trial judge, as specified by Florida Statute 322.261(1)(e). The Order appealed from does not with specificity rule on each such presented issue, but an examination of the transcript of testimony adduced at the hearing on September 19, 1978 clearly indicates that the trial Court did consider and rule adversely to Appellant on each such issue and ordered a 90-day suspension of Appellant's driver's license.

The record contains ample competent and substantial evidence to support the learned trial Judge's findings and rulings that: (1) the arresting peace officer had reasonable cause to believe that Appellant had been driving a motor vehicle in this state while under the influence of alcoholic beverage; (2) that the Appellant had been placed under lawful arrest; (3) that the Appellant had refused to submit to the test after being requested by a peace officer; and (4) that the Appellant had been told that his privilege to operate a motor vehicle would be suspended for a period of 3 months if he refused to submit to the test. These are the *sole* determinative issues specified by Florida Statute 322.261(1)(e) to be ruled upon by the trial Court at a hearing of this nature. Having determined those issues adversely to the Appellant, the trial Court was correct in sustaining the Department's administrative suspension of Appellant's driver's license.

The record shows that Officer Castle, who was on patrol, observed Appellant driving erratically and after following Appellant's moving vehicle for some distance and noting the continued erratic driving, stopped the Appellant and asked for his driver's license and tag registration slip. After noting a strong smell of alcohol on Appellant's breath, Officer Castle lawfully administered a field sobriety test. Appellant failed this test and was placed under arrest by Officer Castle for driving under the influence of alcohol. Officer Castle then called for another peace officer to transport Appellant to the Duval County Jail. The transporting officer, Officer Mikosky, arrived at the scene no more

than five minutes after the arrest, found Appellant being held in custody on the back seat of the arresting officer's patrol car, took Appellant into custody and transported him to the jail. On the way to the jail Appellant was very belligerent and was told several times by Officer Mikosky that upon arrival at the jail he would be required to take a test to determine the alcoholic content of his blood and that if he refused to take the test his driver's license would be suspended for 3 months. Upon arrival at the jail Appellant was still belligerent and combative and had to be forcibly subdued and was again requested by both Officer Mikosky and the breathalyzer operator, Correctional Officer Tucker, to take the breathalyzer test. Upon Appellant's refusal to take the test, he was advised by both Officer Mikosky and Correctional Officer Tucker that if he refused to take the test his driver's license would be suspended for 3 months, but Appellant persisted in his refusal to take the test.

Appellant contends that the request for a blood alcohol test must be made by the *arresting* peace officer having reasonable cause to believe that the person so arrested had been driving while under the influence of alcoholic beverages and that since the *arresting* officer, Officer Castle, did not request the Appellant to take a breathalyzer test and did not request of anyone that the test be administered to the Appellant, it follows that the Appellant did not refuse a *lawful* request from a peace officer to take the test. Appellant cites Opinion No. 071-313 of the Attorney General of the State of Florida dated October 4, 1971 and *State v. Wills,* 359 So.2d 566 (Fla. 2nd DCA-1978) in support of his position and further cited at oral argument *Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners,* 348 So.2d 923 (Fla. 1st DCA-1977) in support of his position that statutes penal in nature must be strictly construed.

The *Wills* case (supra) involved the admissibility *into evidence* of the results of a blood alcohol test in a *criminal* proceeding where it was contended that the test had not been adminstered in accordance with rules promulgated by the Department of Health and Rehabilitative Services for the administering of such tests. That case stands for the proposition that blood alcohol test *results* are inadmissible in evidence at a criminal trial if the test has not been performed in accordance with approved *methods* and *techniques,* but it has nothing to do with the validity of an administrative suspension of driving privileges when a person *refuses* to take a blood alcohol test after being requested to do so by a peace officer who has *reasonable* cause to believe that such person had been driving a vehicle while under the influence of alcoholic beverages.

The *Lester* case (supra) simply stands for the well-settled doctrine that a statute penal in nature must be strictly construed.

Attorney General's Opinion 071-313 (supra) *does* support Appellant's contention that the *arresting* peace officer must, *at the scene of the arrest,* request the accused person to submit to a blood alcohol test and if such request is refused the *arresting* officer must advise the accused of the probable consequences of his failure to take the required test. However, this Court disagrees with the interpretation of the statute by the Attorney General and since Opinions of the Attorney General of the State of Florida are not binding precedents which must be followed by the Courts of this state, this Court declines to follow said Opinion 071-313.

Florida Statute 322.261(1)(a), in its pertinent parts requires that the test shall be incidental to a lawful arrest and administered at the request of *a* peace officer (not necessarily the *arresting* officer) who has reasonable (not *probable*) cause to believe such person had been driving a motor vehicle while under the influence of alcoholic beverages. That section of the statute also requires that such person be *told* that his failure to submit to such test will result in the suspension of his driving privileges for a period of 3 months, but does *not* specify that the *arresting* peace officer must impart this information to the accused person.

Florida Statute 322.261(1)(d) provides that if any person refuses *the* officer's request to submit to the test, then the Department shall suspend that person's driving privileges for a period of 3 months upon receipt of *the* officer's sworn statement that he had reasonable cause to believe that such person had been driving a motor vehicle while under the influence of alcoholic beverages and that such person had refused to submit to the test after being requested so to do by *the* officer. This section of the statute does not specify that *the* officer making the request for the test or *the* officer submitting the sworn statement to the Department *must* be the *arresting* officer.

Under the facts as disclosed by the record in this case the arresting officer certainly had reasonable grounds to believe that the Appellant had been driving a motor vehicle in this state while under the influence of alcoholic beverages. The facts also disclose that the Appellant was placed under lawful arrest for driving a motor vehicle while under the influence of alcohol. The facts also show that Appellant refused to submit to the test after being requested to so submit by a peace officer and, upon such refusal, was advised that his refusal to take the test would result in the suspension of his driver's license for a period of 3 months. The facts further show that the transporting officer, Officer

Mikosky, one of the peace officers who requested Appellant to take the test, certainly had reasonable cause to believe that Appellant had been driving a motor vehicle in this state while under the influence of alcoholic beverages. That officer arrived at the arrest scene within five minutes after Appellant had been placed under lawful arrest by a fellow peace officer for driving a motor vehicle while under the influence of alcohol and undertook the responsibility of transporting the Appellant to the jail and booking him into jail on the charges for which he had been arrested. This fact, coupled with the behavior and actions of the Appellant while being transported to the jail and upon arrival at the jail, provided ample reasonable cause for officer Mikosky to believe that the Appellant had been driving a motor vehicle in this state while under the influence of alcoholic beverages. Thus, his request of Appellant to take the test was both reasonable and lawful.

This Court does not rule upon the *admissibility into evidence* at a criminal proceeding of a breathalyzer test actually *administered* under the facts and circumstances presented in the case sub judice. Such question is not presented. This Opinion is restricted to a proceeding essentially civil in nature brought by a citizen under the provisions of Florida Statute 322.261(1)(e) contesting the legality of an administrative suspension by the Florida Department of Highway Safety and Motor Vehicles of his driving privileges in a situation where he had: (1) been lawfully arrested by an officer who had reasonable cause to believe that such citizen had been driving a motor vehicle in this state while under the influence of alcoholic beverages; and (2) had refused to submit to an approved chemical test to determine the alcoholic content of his blood after having been requested to take the test by a peace officer; and (3) had been advised that his failure or refusal to take such test would result in the suspension of his driving privileges for a period of 3 months. Under such circumstances this Court rules that the peace officer who requests such citizen to submit to the test and who advises such citizen of the consequences of a failure or refusal to take such test need not necssarily be the arresting officer, but may be *any* peace officer who has reasonable cause to believe that the citizen had been operating a motor vehicle in this state while under the influence of alcoholic beverages. The question of whether or not the requesting peace officer had reasonable cause to believe the citizen had been operating a motor vehicle in this state while under the influence of alcoholic beverages must, of necessity, be decided upon the facts and circumstances of each individual case. In *this* case the facts clearly show that at least one of the peace officers (Officer Mikosky) who requested Appellant to take the test and who advised Appellant of the consequences of his refusal *did* have such reasonable cause.

Accordingly, the Order appealed from is affirmed and this cause is remanded to the trial Court for the entry of an Order consistent herewith and consistent with the requirements of Florida Statutes 322.261(1)(f) and 322.261(1)(g), with copy of such Order to be provided to the Florida Department of Highway Safety and Motor Vehicles.