452 So.2d 1063 (1984)
FEDERGO DISCOUNT CENTER, Eddy Portillo and Edith Portillo, Appellants,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PHARMACY, Appellee.
No. 83-2886.
District Court of Appeal of Florida, Third District.
July 10, 1984.
*1064 Talburt, Kubicki, Bradley & Draper and Betsy E. Hartley, Miami, for appellants.
Bruce D. Lamb, Tallahassee, for appellee.
Before SCHWARTZ, C.J., and DANIEL S. PEARSON and JORGENSON, JJ.
PER CURIAM.
This is an administrative appeal from a final order of the Florida Board of Pharmacy revoking the appellants' permit to operate a community pharmacy in the State of Florida.[1] The order, which overturned the recommendations of the designated administrative hearing officer, was bottomed on the Board's view that the provisions of Section 465.023(1)(c), Florida Statutes (1981), make a pharmacy permittee strictly liable for any unprofessional acts of a licensed pharmacist who has been engaged to run the pharmacy department for which the permittee, not a licensed pharmacist, holds a permit. We disagree with the Board's reading of the applicable statutes and reverse the order under review.
Eddy and Edith Portillo held a community pharmacy permit for their store, Federgo Discount Center, a discount dry goods facility, a small portion of which was occupied by the pharmacy. Eddy Portillo managed the store, and because neither he nor Edith Portillo were licensed pharmacists, they designated, as required by law, a state licensed pharmacist as the prescription department manager in charge of operating the pharmacy.[2]
When a drug diversion audit conducted by the Board of Pharmacy revealed that excessive amounts of methaqualone had been dispensed by the pharmacist over a course of time, the Board charged the appellants with violating Florida Statute Section 465.023(1)(c) and, in turn, Sections 465.016(1)(i) and 893.04, and sought to revoke their permit.
The administrative hearing officer's recommended order, which we quote in pertinent part, substantially answers the Board's position:
"Section 465.023(1)(c), Florida Statutes authorizes the department or board to revoke or suspend the permit of any person was [sic] has, inter alia:

"Violated any of the requirements of this chapter or any of the rules of the Board of Pharmacy; of chapter 500, known as the `Florida Food, Drug, and Cosmetic Law'; or of chapter 893; ...
"Section 465.016(1)(i), Florida Statutes, empowers the board to take disciplinary action against a pharmacist found to have been, inter alia:

"Compounding, dispensing, or distributing a legend drug, including any controlled substance, other than in the course of professional practice of pharmacy. For purposes of this paragraph, it shall be legally presumed that the compounding, dispensing, or distributing of legend drugs in excessive or inappropriate quantities is not in the best interests of the patient and *1065 is not in the course of the professional practice of pharmacy.
"Pursuant to Section 893.04(1), Florida Statutes, a pharmacist must act in good faith and in the course of his professional practice in dispensing controlled substances.
"The thrust of the Department's position in this case is that the Respondents' permit is subject to revocation based on the unlawful actions of the pharmacist who was employed during the period in question. In effect, the Respondents are charged with failing to adequately supervise the pharmacist to ensure that he was not excessively dispensing controlled substances.
"Initially, it must be determined whether any statute places a duty on a permit holder to supervise the professional activities of a licensed pharmacist. Section 465.018, Florida Statutes, places three duties on a permit holder at the time of issuance of a permit, including: (1) designating a prescription department manager, who must be a licensed pharmacist, who is responsible for maintaining all drug records, (2) providing for the security of the prescription department, and (3) following such other rules as they relate to the practice of the profession of pharmacy. (footnote omitted). Section 465.023(1)(c), Florida Statutes, authorizes disciplinary proceedings against a permit holder for violating any of the requirements of Chapter 465. Thus, the failure to comply with Section 465.018 following issuance of a permit constitutes grounds for discipline pursuant to Section 465.023(1)(c), Florida Statutes.
"The Respondent is clearly not charged with failing to designate a licensed pharmacist as a prescription manager who is responsible for maintaining drug records. Neither is he charged with failing to provide for the security of the prescription department through negligence or otherwise. It is not alleged in the Administrative Complaint, nor was it stated at any subsequent time, that the Respondent violated any `rules' regulating the practice of pharmacy or precisely what such rules were.
"Instead, it is apparently the position of the Department that the Respondent's duty to supervise the professional judgment of a licensed pharmacist is a result of general principles of agency, rather than any specific duty imposed by law. The Department asserts that vicarious liability exists as to the principal, in this case the permit holder, in a situation where an agent's improper or criminal acts were committed in the course of the agent's employment.
"In Alles v. Department of Professional Regulation, 423 So.2d 624 (Fla. 5th DCA 1982), the court found that a licensed contractor who acted as a qualifying agent for an otherwise unlicensed construction company had a statutorily imposed duty to supervise the construction undertaken by the company which he qualified. The supervisory duty in Alles was based on the statute in question, Section 489.119, Florida Statutes, which evidenced a legislative intent that qualifying agents be required to supervise a project entered into under the name of and by use of the contractor's license. The power to discipline in Alles was not based on concepts of agency, but rather on a duty imposed by statute.... In the instant case, the statutory scheme set forth in Chapters 465 and 893, Florida Statutes, places well-defined duties on licensed pharmacists which require the careful exercise of sound professional judgment. In certain instances, a licensed pharmacist may be required by law to exercise professional discretion by refusing to dispense, notwithstanding the existence of a prescription written by a duly authorized physician which complies with all procedural statutory requirements. To take this one step further by requiring a nonprofessional permit holder to supervise the activities of a licensed pharmacist which involve the exercise of professional judgment and discretion is a requirement which should not be inferred in the absence of clear and unequivocal legislative authority. (footnote omitted). *1066 Had the licensed pharmacist failed to adequately maintain records, or had he otherwise compromised the security of the drugs in the prescription department, a different result could be indicated... ."
Thus, while Section 465.023(1)(c) incorporates the provisions of other statutes, see Surrency v. Winn & Lovett Grocery Co., 160 Fla. 294, 34 So.2d 564 (1948); Hecht v. Shaw, 112 Fla. 762, 151 So. 333 (1933), the provisions it incorporates which apply to licensed pharmacists only cannot serve as a basis to revoke the community pharmacy permit, and the provisions it incorporates which apply to community pharmacy permittees were not here violated. Given the well-settled rules that (a) an administrative agency, empowered to revoke a license or permit for reasons specified in a statute, may not revoke such license or permit for some other cause not clearly within the ambit of its statutory authority, see In re Weathers, 159 Fla. 390, 31 So.2d 543 (1947); Bach v. Florida State Board of Dentistry, 378 So.2d 34 (Fla. 1st DCA 1979); State ex rel. Volusia Jai-Alai, Inc. v. Board of Business Regulation, 304 So.2d 473 (Fla. 1st DCA 1974); and (b) statutes authorizing revocation, being penal in nature, must be strictly construed, see State ex rel. Jordan v. Pattishall, 99 Fla. 296, 126 So. 147 (1930); Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981); Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977), it is clear to us that the Board's construction of the statute cannot prevail.
Renbur Drugs, Inc. v. Florida Board of Pharmacy, 249 So.2d 698 (Fla. 3d DCA 1971), upon which the Board relies, lends no support to its position. In Renbur, the community pharmacy permit was revoked for a violation of Section 465.22(1)(c), Florida Statutes (1969) (the predecessor to Section 465.023(1)(c), Florida Statutes (1981)), which incorporated provisions of another statute generally prohibiting the misbranding and mislabeling of drugs.[3] Accordingly, upon a finding that agents and employees of the permittee had misbranded and mislabeled drugs, the permittee was correctly held responsible for a breach of duty imposed on it by the statute. In the instant case, by contrast, the appellants were incorrectly held responsible for a breach of duty imposed on others.
We conclude that if the Legislature desired to make community pharmacy permittees strictly liable for the acts of pharmacists who are separately licensed by the State, then it could have done so in no uncertain terms. In the absence of a clear expression from the Legislature making these permittees subject to discipline for the misdeeds of their chosen licensed pharmacist, we are obliged to reverse the Board's order of revocation.
Reversed.
NOTES
[1] A community pharmacy is defined as including every store, shop, office, etc. or other place "where medicinal drugs are compounded, dispensed, or sold or where prescriptions are filled or dispensed on an outpatient basis." See § 465.003(3)(a), Fla. Stat. (1981).
[2] Section 465.018, Florida Statutes (1981), provides:

"Community pharmacies; permits.  Any person desiring a permit to operate a community pharmacy shall apply to the department. If the board certifies that the application complies with the laws of the state and the rules of the board governing pharmacies, the department shall issue the permit. No permit shall be issued unless a licensed pharmacist is designated as the prescription department manager responsible for maintaining all drug records, providing for the security of the prescription department, and following such other rules as relate to the practice of the profession of pharmacy. The permittee shall notify the department within 10 days of any change in prescription department manager."
[3] The incorporated statute, Section 398.11, Florida Statutes (1969), which provided that "[n]o person except an apothecary for the purpose of filling a prescription ... shall alter, deface, or remove any labels ...," was, unlike the statutes under which the present appellants were charged, clearly applicable to persons other than licensed pharmacists.