FRANK D. UPCHURCH, Jr., Judge.
The State of Florida, Department of Highway Safety and Motor Vehicles, petitions for a writ of certiorari to quash an order of the circuit court rendered in its appellate capacity.
Section 322.27(5), Florida Statutes (1983), provides that the department shall revoke the license of a “habitual traffic offender” for a minimum of five years. Under section 322.264(2), Florida Statutes (1983), a “habitual traffic offender” is defined as follows:
A ‘habitual traffic offender’ is any person whose record, as maintained by the Department of Highway Safety and Motor Vehicles, shows that such person has accumulated the convictions for separate offenses described in subsections (1), (2) and (3), committed within a 5-year period:
(1)Three or more convictions, singly or in combination, of any of the following offenses arising out of separate acts:
(a) Voluntary or involuntary manslaughter resulting from the operation of a motor vehicle;
(b) Driving a motor vehicle or being in actual physical control while having an unlawful blood alcohol level or while under the influence of alcoholic beverages or any substance controlled under chapter 893;
(c) Any felony in the commission of which a motor vehicle is used;
(d) Driving a motor vehicle while operator’s license is suspended or revoked;
(e) Failing to stop and render aid as required under the laws of this state in the event of a motor vehicle accident resulting in the death or personal injury of another.
(2) Fifteen convictions for moving traffic offenses for which points may be assessed as set forth in s.322.27, including those offenses in subsection (1).
(3) The offenses included in subsections (1) and (2) shall be deemed to include also offenses under any federal law, any law of another state, or any valid ordinance of a municipality or county of another state substantially conforming to the aforesaid state statutory provisions.... (emphasis added)
Meek had fourteen previous convictions for traffic offenses for which points may be assessed when he pleaded no contest to the charge of driving while license suspended or revoked in violation of section 322.34, Florida Statutes (1983). Driving while license suspended or revoked is not a violation for which points are assessed. Nevertheless, pursuant to subsection (2) above, the department issued an order revoking Meek’s license for a period of five years. The department’s position is that under the language of subsection (2), particularly the phrase “including those offenses in subsection (1)”, driving while license suspended or revoked (which is included in subsection (1)) may be considered in reaching the fifteen conviction threshold.
' We agree with the circuit court that the statute, being penal in nature, must be strictly construed, see State v. Pattishall, 99 Fla. 296, 126 So. 147 (1930); Federgo Discount Center v. Department of Professional Regulation, 452 So.2d 1063 (Fla. 3d DCA 1984); Rush v. Department of Professional Regulation, 448 So.2d 26 (Fla. 1st DCA 1984); Lester v. Department of Professional & Occupational Regulation, 348 So.2d 923 (Fla. 1st DCA 1977), *995 and that under such a construction, subsection (2) does not include within it a conviction for driving while license suspended or revoked. Subsection (2), in providing that an individual is a “habitual traffic offender” if he has accumulated:
Fifteen convictions for moving traffic offenses for which points may be assessed as set forth in s.322.27, including those offenses in subsection (1)
is unclear as to whether “including those offenses in subsection (1)” means those in subsection (1) for which points may be assessed, or all of those offenses within subsection (1). The ambiguity must be resolved in favor of Meek.
Another reason for such a construction is the department’s own driver’s handbook which, in referring to revocation of a driver’s license, states as one of the grounds: “Three major offenses or 15 offenses for which you receive points within a five year period” (emphasis added). This supports Meek’s position that only pointa-ble convictions are considered in reaching the fifteen conviction threshold. While an administrative construction of a statute is not conclusive, it is entitled to great weight. See G.E.J. v. State, 401 So.2d 1325 (Fla.1981); Southeast Volusia Hospital Corp. v. National Union of Hospital Employees, 429 So.2d 1232 (Fla. 5th DCA 1983).
Writ DENIED.
COBB, C.J., and DAUKSCH, J., concur.