225 So.2d 330 (1969)
Gene RAINES, Appellant,
v.
STATE of Florida, Appellee.
No. 37835.
Supreme Court of Florida.
July 2, 1969.
John D. Buchanan, Jr., Asst. Public Defender, and Joseph S. Oteri of Crane, Inker & Oteri, Boston, Mass., for appellant.
Earl Faircloth, Atty. Gen., and Raymond L. Marky, Asst. Atty. Gen., for appellee.
BOYD, Justice.
This cause is before us on appeal from the decision of the Circuit Court of Leon County upholding the validity of Chapter 398, Florida Statutes, F.S.A., on motion to dismiss and sentencing defendant, appellant herein, to six months' imprisonment and two years' probation for violation thereof. Because the trial court passed directly on the validity of a state statute, this Court has jurisdiction under Article V, Section 4, of the Florida Constitution, F.S.A.
Appellant was informed against on two counts of the sale of marijuana. He moved to dismiss the information on the grounds that Chapter 398, Florida Statutes, F.S.A., the Narcotic Drug Act, violates the Federal and State Constitutions. The parties stipulated that all transcribed evidence used in the case of Commonwealth of Massachusetts v. Leis[1] would be admitted into evidence in connection with the appellant's motion to dismiss. In denying the motion to dismiss, the trial court specifically adopted by reference the thirty-one page order of Honorable G. Joseph Tauro, Chief Justice of the Superior Court of Massachusetts, in the Leis case, which order upheld the comparable Massachusetts Statutes.[2]
On appeal to this Court, appellant seeks to challenge the Constitutionality of the entire narcotic drug law on the grounds that marijuana is not dangerous, a point on which he says this Court must make an independent factual determination. He contends that the narcotic drug law is irrational and unreasonable; goes beyond the proper exercise of the police power; violates equal protection of the law guarantees; and provides for penalties which are cruel and excessive punishment.
After argument and upon consideration of the briefs of the parties and study of the record, we have determined that appellant's contentions are wholly without merit. Marijuana is a harmful, mind-altering drug. It endangers the health of the user and is highly detrimental to the public welfare. This drug is within the category of injurious substances which the Legislature may regulate and prohibit in the exercise of its police power. No fundamental rights of the individual are violated thereby.
*331 The trial court was correct in denying the motion to dismiss and its decision is accordingly,
Affirmed.
ROBERTS, DREW and ADKINS, JJ., concur.
ERVIN, C.J., concurs in judgment of affirmance.
NOTES
[1] Unreported lower court decision.
[2] Judge Tauro's decision was subsequently affirmed January 9, 1969, in Commonwealth v. Leis, 243 N.E.2d 898 (Sup.Jud. Ct. Mass. 1969).