BOOTH, Judge.
This cause is before us on petition for writ of certiorari to review an order of the hearing officer denying Dr. Boedy’s motion for a protective order, entered in response to the Department’s order directing him to submit to a series of psychiatric examinations.[1] In his petition, Dr. Boedy asserts that Sections 458.331(l)(s) and 458.-339, Florida Statutes (1981), which require involuntary medical examinations in disciplinary proceedings under the Medical Practices Act are unconstitutional as a violation of the privilege against compelled self-incrimination.[2]
We find petitioner’s contentions to be without merit, and affirm the order below. The compelling State interest in the protection of the public is the basis for regulating the medical profession, and that interest, in regard to the regulation of the legal profession, has been well stated by the recent decision of the Florida Supreme *505 Court in Florida Board of Bar Examiners Re: Applicant, 443 So.2d 71 (1983) wherein the court upheld the right of the Board of Bar Examiners to require release of medical records and information concerning applicant’s treatment for any form of insanity, emotional disturbance, nervous or mental disorder.[3]
The pivotal question to be decided is whether the Fifth Amendment privilege against compelled self-incrimination is applicable in the circumstances of this case. In State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487, 491 (Fla.1973), the Florida Supreme Court held that “the right to remain silent applies not only to the traditional criminal cases, but also to proceedings ‘penal’ in nature, in that they tend to degrade the individual’s professional standing, professional reputation or livelihood.” In Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 348 So.2d 923, 925 (Fla. 1st DCA 1977), this court noted that the Medical Practice Act “is, in effect, a penal statute since it imposes sanctions and penalties in the nature of denial of license, suspension from practice, revocation of license to practice, private or public reprimand, or probation, upon those found guilty of violating its proscriptions.” These two cases are distinguishable from the case at issue on their facts, since they both deal with violations of the respective statutes amounting to misconduct, for which sanctions were sought.[4]
In the instant case, the Department of Professional Regulation seeks to curtail, at least temporarily,[5] Dr. Boedy’s right to practice medicine, on the ground that he is suffering from a mental or emotional illness which renders him “unable to practice medicine with reasonable skill and safety” under the provisions of Section 458.-331(l)(s), Florida Statutes (1981). This subsection provides that the affected physician “shall at reasonable intervals be afforded an opportunity to demonstrate that he can resume the competent practice of medicine with reasonable skill and safety to patients.” Disciplinary action under this subsection is not premised on misconduct by the physician, as in Vining and Lester, but instead upon his inability, due to some mental or physical condition, to practice medicine with reasonable skill and safety to patients.
In Garner v. United States, 424 U.S. 648, 96 S.Ct. 1178, 47 L.Ed.2d 370 (1976), the United States Supreme Court held that unless the government seeks testimony that would subject its maker to criminal liability, the constitutional right against self-incrimination does not arise, so that an individual may properly be compelled to give testimony in a noncriminal investigation of himself. Similarly, the United States Supreme Court in United *506 States v. Ward, 448 U.S. 242, 100 S.Ct. 2636, 65 L.Ed.2d 742 (1980), held that the privilege against self-incrimination is not implicated in a proceeding for the assessment of a “civil penalty” referred to in the seven considerations listed in Kennedy v. Mendosa-Martinez, 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-68, 9 L.Ed.2d 644 (1963),[6] as the basis for determining whether the sanctions imposed by Congress transformed the intended civil remedy into a criminal penalty. Applying each of the Mendosa-Martinez considerations to the facts of the case at issue, we find that the proceedings to determine if Dr. Boedy is mentally competent to practice medicine with reasonable skill and safety to his patients, though they may result in temporary suspension of his license to practice medicine, cannot be considered “penal” in character for purposes of the Fifth Amendment privilege against compelled self-incrimination. We therefore find Sections 458.331(l)(s) and 458.339, Florida Statutes (1981), to be constitutional, but certify the following question to the Florida Supreme Court as a question of great public importance:
WHETHER THE FIFTH AMENDMENT PRIVILEGE AGAINST COMPELLED SELF-INCRIMINATION APPLIES TO DISCIPLINARY PROCEEDINGS INITIATED UNDER SECTION 458.-881(l)(s), FLORIDA STATUTES, TO DETERMINE WHETHER A PHYSICIAN IS UNABLE TO PRACTICE MEDICINE WITH REASONABLE SKILL AND SAFETY TO PATIENTS AS A RESULT OF A MENTAL OR PHYSICAL CONDITION.
The denial of petitioner’s motion for protective order, entered in response to the Department’s order directing him to submit to a series of psychiatric examinations, is hereby affirmed[7] and the petition for review denied.
MILLLS and SHIVERS, JJ„ concur.

. Dr. Boedy's motion for a protective order, directed to the hearing officer, while perhaps technically incorrect, see Section 120.58, Florida Statutes, does not obviate the fact that in this case, review is sought from agency action, the Department's order directing Dr. Boedy to submit to a series of psychiatric examinations. Although neither party has raised any procedural issue, we note that Dr. Boedy could have sought review directly from the Department’s order. We therefore treat this as a petition from agency action. Cf. Department of Professional Regulation v. LeBaron, 443 So.2d 225 (Fla. 1st DCA 1983) (which dismissed a petition for review of an order of the hearing officer dismissing the administrative complaint, on the ground that this court does not have jurisdiction to review non-final orders of hearing officers, which are not considered "agency action.”) In the case at issue, unlike LeBaron, the agency has acted in issuing the order for the psychiatric exam, and it is this action by the agency which is being challenged by Dr. Boedy.

. By order dated June 29, 1983, this court sought to invoke the jurisdiction of the Supreme Court to review the hearing officer's order, pursuant to Rules 9.030(a)(2)(B) and 9.125, Florida Rules of Appellate Procedure, certifying that the order requires immediate resolution by the Supreme Court because the issue pending in this court is of great public importance and will have a great effect on the proper administration of justice throughout the state.
By order of July 11, 1983, 436 So.2d 97, the Supreme Court ruled: "We are without jurisdiction to accept review since section 3(b)(5) [of Article V, Florida Constitution] expressly restricts review under this procedure to orders or judgments of trial courts.”

. We note that the issue in the Bar Examiners case was the applicant’s right to privacy, and not his Fifth Amendment right against self-incrimination.

. In State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla.1973), a licensed real estate broker was charged with violations of the Real Estate License Law, including failure to maintain trust funds in an escrow account, breach of trust and dishonest dealing in a business transaction, and concealment and misrepresentation in a business transaction.
Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977), involved alleged acceptance by a physician of "kick-backs" from a hospital, based upon the hospital’s charges for patients referred to the hospital by the physician.

.Section 458.331(2), Florida Statutes, provides for the following types of disciplinary action, where appropriate:
(a) Refusal to certify to the department an applicant for licensure.
(b) Revocation or suspension of a license.
(c) Restriction of practice.
(d) Imposition of an administrative fine not to exceed $1,000 for each count or separate offense.
(e) Issuance of a reprimand.
(f) Placement of the physician on probation for a period of time and subject to such conditions as the board may specify, including, but not limited to, requiring the physician to submit to treatment, to attend continuing education courses, to submit to reexamination, or to work under the supervision of another physician.

. Kennedy v. Mendosa-Martinez, 372 U.S. 144, 168-169, 83 S.Ct. 554, 567-68, 9 L.Ed.2d 644 (1963):
Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scien-ter, whether its operation will promote the traditional aims of punishment — retribution and deterrence, whether the behavior to which it applies is already a crime, whether an alternative purpose to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned.... [footnotes omitted]

. Petitioner has withdrawn the remaining issue on appeal, whether the Department's order violated his Fourteenth Amendment due process rights.