448 So.2d 26 (1984)
Michael RUSH, Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF PODIATRY, Appellee.
No. AT-257.
District Court of Appeal of Florida, First District.
March 22, 1984.
Barry Richard of Roberts, Baggett, LaFace, Richard & Wiser, Tallahassee, for appellant.
Bruce D. Lamb, Staff Atty., Tallahassee, for appellee.
BOOTH, Judge.
This appeal arises from a final order of the Board of Podiatry suspending appellant's license to practice for six months and placing appellant on probation for three years. The Board's action was taken pursuant to Section 461.013(1)(c), Florida Statutes (1981), which cites as grounds for disciplinary action:
(c) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to *27 the practice of podiatry or the ability to practice podiatry.[1]
The appellant was convicted in federal court of conspiracy to possess and import marijuana in violation of Title 21, United States Code (1981), Section 841(a)(1). Dr. Rush's involvement in this conspiracy consisted of furnishing money to individuals who subsequently utilized the funds to purchase marijuana. The conviction was affirmed by the United States Court of Appeals. United States v. Rush, 666 F.2d 10 (2d Cir.1981).
Also enacted in 1979 was Section 461.001, Florida Statutes, entitled "Legislative findings; intent; scope," which provides in part:
The sole legislative purpose for enacting this chapter is to insure that every podiatrist practicing in this state meet minimum requirements for safe practice. It is the legislative intent that podiatrists who fall below minimum competence or who otherwise present a danger to the public health be prohibited from practicing in this state. [emphasis added]
In determining whether Dr. Rush's conviction for conspiracy to import marijuana is directly related to the practice or ability to practice podiatry, we are mindful that where statutes provide for revocation or suspension of licenses, these provisions should be strictly construed and followed because the statute is penal rather than regulatory in nature. State v. Pattishall, 99 Fla. 296, 126 So. 147 (Fla. 1930). Bowling v. Department of Insurance, 394 So.2d 165 (Fla. 1st DCA 1981). A statute designed to protect the general welfare is to be liberally construed to advance that purpose, but this does not justify a construction which would include conduct not clearly proscribed by the statute or a construction which would deny the licensee the right to know in advance what conduct is proscribed by reading the language of the statute. Lester v. Department of Professional and Occupational Regulation, State Board of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977).
A podiatrist is one of six categories of licensed professionals allowed to prescribe, administer, and dispense controlled substances by the State of Florida. Section 893.02(14), Florida Statutes (1981). The Legislature has invested a trust and confidence in these six categories of licensees by permitting them to dispense drugs which have a high potential for abuse. The actions of Dr. Rush, which culminated in his conviction, constitute a breach of that trust and confidence which the people, through the Legislature, have placed in him. Dr. Rush's conduct shows a lack of honesty, integrity, and judgment, and an unwillingness to abide by the Laws of the State of Florida which cannot be tolerated of a professional licensed to dispense dangerous drugs.
The importation of marijuana, a drug that the Florida Supreme Court has described as "a harmful mind-altering drug which endangers the health of the user and which is highly detrimental to the public welfare," Raines v. State, 225 So.2d 330 (Fla. 1969), presents a danger to the public health and does not correspond to that level of professional conduct expected of one licensed to practice podiatry in this state. By confining the convictions upon which disciplinary action may be based to those directly related to the practice of podiatry, the Legislature has not limited the grounds for disciplinary action to only those crimes which relate to the technical ability to practice podiatry or to those which arise out of misconduct in the office setting. A conviction for a crime, such as importing marijuana, which presents a danger to the public welfare will be adequate basis for disciplinary *28 action to be taken against a practitioner.
Our conclusion that Dr. Rush's conviction is one which is directly related to the practice or ability to practice podiatry is further buttressed by a reading of Section 893.11 of the Florida Comprehensive Drug Abuse Prevention and Control Act. That statute provides in part:
Upon conviction ... of any practitioner ... of a violation of any of the provisions of this chapter which constitutes a felony, the clerk of said court shall send a certified copy of the judgment of conviction to the board or officer by whom the convicted defendant has been licensed to practice his profession... . Such board or officer may suspend or revoke the license or registration of a convicted defendant to carry on his business.
Dr. Rush was not convicted of a violation of Chapter 893, Florida Statutes, but of a federal violation; thus, we do not rest our holding upon this statute. However, we do gather from it that a felony conviction for conspiracy to import a dangerous drug is within the scope of "those crimes which directly relate to the practice or ability to practice podiatry," upon which a disciplinary action may rightfully be based.
Accordingly, we hold that appellant's conviction for conspiracy to import marijuana is one which presents a danger to the public health and, as such, is directly related to the practice or ability to practice podiatry. The sanctions imposed upon appellant were well within the permissible range available to the Board under Section 461.013(2) and will not be disturbed.
AFFIRMED.
ERVIN, C.J., and ZEHMER, J., concur.
NOTES
[1] Prior to its amendment in 1979, the predecessor to the current provision, Section 461.08(1)(b) provided that a podiatrist could be disciplined when "the podiatrist has been convicted in a court of competent jurisdiction of a felony." From this amendment it is evident that the Legislature intended to narrow the class of crimes upon which disciplinary action may be based to those which directly relate to the practice or ability to practice podiatry, rather than any felony.