463 So.2d 215 (1985)
R. Frederick BOEDY, Petitioner,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Respondent.
No. 64870.
Supreme Court of Florida.
January 31, 1985.
Philip J. Padovano, Tallahassee, for petitioner.
Charles F. Tunnicliff, Senior Atty., Dept. of Professional Regulation, Tallahassee, for respondent.
ADKINS, Justice.
This cause is before us pursuant to a certified question of great public importance from the First District Court of Appeal. Boedy v. Department of Professional Regulation, Board of Medical Examiners, 444 So.2d 503 (Fla. 1984). We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Respondent, Department of Professional Regulation, filed an administrative complaint against the petitioner on November 15, 1982, seeking to revoke, suspend, or take other disciplinary action against him as a licensee under the Medical Practice Act. The complaint asserted that petitioner suffered from a mental or emotional *216 illness which rendered him "unable to practice medicine with reasonable skill and safety" as provided in section 458.331(1)(s), Florida Statutes (1981). Petitioner denied the allegations.
On February 18, 1983, respondent entered an order which required petitioner to submit to a series of psychiatric examinations commencing on March 1, 1983. The order stated that the mental examinations were required "for the purpose of obtaining examination reports and expert opinion and testimony concerning [petitioner's] ability to practice medicine with reasonable skill and safety."
Petitioner sought a protective order to avoid the examination requirement, based in part, on the claim that his fifth amendment privilege against self-incrimination would be violated by the mental examinations required under section 458.331(1)(s), Florida Statutes (1981).
In a second order, respondent rescheduled the examination to begin on March 29, 1983. Petitioner renewed his motion for a protective order. In response, respondent denied that the mental examinations were violative of petitioner's constitutional right against self-incrimination.
On March 16, 1983, the hearing officer entered an order denying petitioner's motion for protective order. Petitioner filed for review of the order in the First District Court of Appeal to challenge the constitutional validity of the agency's determination.
On January 18, 1984, the district court issued its opinion stating that the statutory competence proceedings are not penal proceedings, and therefore rejected petitioner's claim for fifth amendment protection. 444 So.2d at 506. The district court, finding the question to be of great public importance, certified the following question to this Court:
Whether the fifth amendment privilege against compelled self-incrimination applies to disciplinary proceedings initiated under section 458.331(1)(s), Florida Statutes, to determine whether a physician is unable to practice medicine with reasonable skill and safety to patients as a result of a mental or physical condition. Id.

The district court correctly answered the question in the negative, and we approve its decision.
Section 458.331(1)(s), Florida Statutes (1981), addresses the act of:
(s) Being unable to practice medicine with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals, or any other type of material or as a result of any mental or physical condition. In enforcing this paragraph, the department shall have, upon probable cause, authority to compel a physician to submit to a mental or physical examination by physicians designated by the department. Failure of a physician to submit to such examination when so directed shall constitute an admission of the allegations against him, unless the failure was due to circumstances beyond his control, consequent upon which a default and final order may be entered without the taking of testimony or presentation of evidence. A physician affected under this paragraph shall at reasonable intervals be afforded an opportunity to demonstrate that he can resume the competent practice of medicine with reasonable skill and safety to patients. In any proceeding under this paragraph, neither the record of proceedings nor the orders entered by the board shall be used against a physician in any other proceeding.
Petitioner relies upon this Court's holding in State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla. 1973), in support of his argument that the fifth amendment privilege against compelled self-incrimination applies to proceedings initiated under section 458.331(1)(s), Florida Statutes (1981). Petitioner asserts that section 458.331(1)(s) is unconstitutional under Vining.
In Vining, a licensed real estate broker refused to file the statutorily required sworn answer to charges made against him *217 in a professional disciplinary proceeding and the statute provided for entry of a default if no answer was filed. This Court held that filing an answer amounted to testimony, that the testimony was compelled under threat of license forfeiture, and that the potential penalty of license suspension or revocation was sufficiently severe to invoke the constitutional protections against compulsory self-incrimination. Id. at 492.
Recognizing that proceedings under section 458.331(1)(s), Florida Statutes (1981), are limited to determinations of fitness to practice, the district court distinguished Vining, which involved penal sanctions which were sought due to professional misconduct. 444 So.2d at 505. The district court further found that proceedings under the statute cannot be considered penal in character for purposes of the fifth amendment privilege against compelled self-incrimination and that the proceedings merely seek to determine whether petitioner is "able to practice medicine with reasonable skill and safety." Id. at 506. The district court found section 458.331(1)(s), Florida Statutes (1981), to be constitutional. We agree.
The right of a properly qualified and licensed individual to practice medicine is a valuable property right which must be protected under the constitution and laws of Florida. State ex rel. Sbordy v. Rowlett, 138 Fla. 330, 190 So. 59 (1939). This right is not absolute, however, but is subject to regulation under the police power of this state. Id. at 62. When a conflict arises between the right of a physician to pursue the medical profession and the right of the sovereignty to protect its citizenry, it follows that the rights of the physician must yield to the power of the state to prescribe reasonable rules and regulations which will protect the people from incompetent and unfit practitioners.
The interest of the sovereignty in regulating physicians is especially great since physicians are in a position of public trust and responsibility. Like other professionals, the physician is constantly interacting with the public. As such, mental fitness and emotional stability are essential traits that a physician must possess in order to competently practice medicine in a manner not injurious to the citizenry. See Florida Board of Bar Examiners Re: Applicant, 443 So.2d 71 (Fla. 1983).
The fifth amendment privilege against self-incrimination protects the accused from being compelled to testify against himself. However, the privilege does not extend to the exclusion of evidence of his physical or mental condition when such evidence is otherwise admissible, even when the evidence is obtained by compulsion. Parkin v. State, 238 So.2d 817, 820 (Fla. 1970), cert. denied, 401 U.S. 974, 91 S.Ct. 1189, 28 L.Ed.2d 322 (1971).
In Parkin v. State, this Court succinctly stated the differentiation between the issue of mental competency and guilt-in-fact:
Self-incrimination is not directly an issue in cases such as this, simply because the question to be resolved is not guilt or innocence, but the presence or absence of mental illness. Illness, particularly mental illness, although often capable of being proved by extrinsic evidence, is considered more susceptible to proof by evidence based on interviews with the defendant and requiring his cooperation. Id. at 821.
Section 458.331(1)(s) does not deal with an issue of guilt or innocence. Misconduct and subsequent penalties for that misconduct are not at issue under the statute. What is at issue under the statute is whether a physician is fit to practice medicine with reasonable skill and safety.
The compelling state interest in protecting the public justifies an investigation into mental fitness. In Florida Board of Bar Examiners Re: Applicant, 443 So.2d 71 (Fla. 1983), this Court upheld the authority the Florida Board of Bar Examiners to require applicants for admission to The Florida Bar to disclose prior treatment for "amnesia, or any form of insanity, emotional disturbance, nervous or mental disorder," and to release all medical records *218 pertaining thereto. Id. at 73. In that case, this Court found that the state's interest in ensuring that only those fit to practice law were admitted to the bar met the compelling state interest standard. Likewise, the state has a compelling interest in the regulation of the practice of medicine within its boundaries in order to protect the health, safety and welfare of its citizens. Goldfarb v. Virginia State Bar, 421 U.S. 773, 792, 95 S.Ct. 2004, 2015, 44 L.Ed.2d 572 (1975); Boedy v. Department of Professional Regulation, Board of Medical Examiners, 444 So.2d 503, 504 (Fla. 1st DCA 1984).
A physician may not both refuse to submit to a mental or physical examination to demonstrate his fitness to practice, and yet demand that he receive the benefits of the status of being a licensed physician. He may not by his asserting the privilege either diminish his obligation to the public to establish his fitness, or escape the consequences imposed by the state of Florida for failing to satisfy that obligation. Thus, we find it is constitutionally permissible to deny authority to practice medicine to a physician who asserts the privilege against self-incrimination if his claim has prevented full assessment of his fitness and competency to practice.
So long as state authorities do not derive any imputation of guilt from a claim of the privilege or use the testimonial revelations gleaned from the physician in any other proceeding, there occurs no harmful incriminatory abuse of the information extracted from the physician. Under section 458.331(1)(s), Florida Statutes (1981), neither the testimony received from a physician, nor the orders subsequently entered on the basis of that testimony may be used against the physician in any other administrative, civil or criminal proceeding.
We further find that the mental examination sought by the Department of Professional Regulation under the statute is the least intrusive means available to determine a physician's mental fitness to practice. The information sought from the physician pursuant to a mental examination is essential to the department in evaluating his fitness. The means employed under the statute cannot be narrowed without impeding the effectiveness of the department in carrying out its responsibilities. Moreover, a physician affected under the statute is afforded an opportunity at reasonable intervals to demonstrate his fitness to resume the practice of medicine.
We find that state authorities, upon a finding of probable cause, may in the course of a bona fide assessment of a physician's fitness to practice medicine require that the physician submit to mental or physical examinations to demonstrate his fitness, and may order his discharge if he declines.
Accordingly, we approve the decision of the district court and hold that the fifth amendment privilege against compelled self-incrimination does not apply to proceedings initiated under section 458.331(1)(s), Florida Statutes (1981).
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.