COBB, Chief Judge.
The appellant, Paul R. Ashe, a licensed public accountant, was convicted on July 14, 1982, in the United States District Court for fraud by wire and intrastate transportation of false and forged securities. As a consequence, the Board of Accountancy of the State of Florida filed an administrative complaint against Ashe and ultimately revoked his accountant’s certificate based upon its finding that he had violated subsections (d) and (k) of section 473.323(1) of the Florida Accountancy Practice Act:
(1) The following acts constitute grounds for which the disciplinary actions in subsection (3) may be taken:

(d) Being convicted or found guilty, regardless of adjudication, of a crime in any jurisdiction which directly relates to *815 the practice of public accounting or the ability to practice public accounting;

(k) Performance of any fraudulent act while holding a license to practice public accounting; ...
Ashe’s appeal is predicated upon two arguments: (1) that his convictions did not pertain to crimes directly related to his ability to practice accounting, and (2) that under subsection (k), quoted above, his license was inactive at the time of his convictions, and therefore he did not commit a crime under the statutes relating to the practice of accountancy.
By confining the convictions upon which disciplinary action may be based to those directly related to the practice of podiatry, the Legislature has not limited the grounds for disciplinary action to only those crimes which relate to the technical ability to practice podiatry or to those which arise out of misconduct in the office setting.
We believe the first point should be resolved against appellant on the authority of Rush v. Dept. of Professional Regulation, Board of Podiatry, 448 So.2d 26 (Fla. 1st DCA 1984), with which we agree. In Rush a podiatrist was convicted of conspiracy to possess and import marijuana in violation of federal statutes. The suspension of his license by the Board of Podiatry based on these convictions was upheld by the First District, which emphasized that his acts violated a level of professional conduct expected of one licensed to practice podiatry. The court stated:
# sfc ⅜ ⅝ # ⅜
... [a] felony conviction for conspiracy to import a dangerous drug is within the scope of “those crimes which directly relate to the practice or ability to practice podiatry” upon which a disciplinary action may rightfully be based.
Id. at 27-28. Based upon the reasoning employed in Rush, we find that the Board of Accountancy was correct in bringing this action against the appellant, even though the appellant's fraudulent acts involving gambling do not relate to the technical ability to practice public accounting and did not arise out of misconduct in the office setting.
In regard to the second point, we find no merit in the appellant’s argument that the language “holding a license” is inapplicable to inactive licenses. In the first place, the facts herein show that the appellant held an active license to practice public accounting during part of the time of the transactions forming the basis for his indictment. Moreover, Rule 21A-20.01 of the Florida Administrative Code defines a “licensee” as “a person, partnership, or corporation which holds an active, inactive or temporary license issued under Chapter 473.” We agree with the Board’s interpretation that the appellant held a license to practice public accounting at the time he performed the fraudulent acts for which he was convicted.
AFFIRMED.
DAUKSCH and FRANK D. UP-CHURCH, Jr., JJ., concur.