501 So.2d 740 (1987)
Gerald GREENWALD, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, Appellee.
No. 86-1845.
District Court of Appeal of Florida, Third District.
February 3, 1987.
Samek & Besser and Lawrence E. Besser, Miami, Lawrence S. Greenwald, Baltimore, Md., for appellant.
Stephanie A. Daniel, Tallahassee, for appellee.
Before BASKIN and DANIEL S. PEARSON and FERGUSON, JJ.
PER CURIAM.
The main issue in this appeal from an administrative order is whether a conviction for solicitation to commit first degree murder "directly relates to the practice of medicine or to the ability to practice medicine," section 458.331(1)(c), Florida Statutes (1985), so as to form the basis for revoking a license to practice medicine. We reject the appellant's narrow interpretation of the statute in favor of the broader application given by the court in Rush v. Department of Professional Regulation, 448 So.2d 26 (Fla. 1st DCA 1984) (conviction for conspiracy *741 to possess and import marijuana is related to ability to practice podiatry).
In our view Dr. Greenwald's undertaking to end a bitter marriage dissolution problem by soliciting someone to murder his ex-wife evidences warped judgment and disregard for human life  the antithesis of that which is required and expected of physicians. See Boedy v. Department of Professional Regulation, 463 So.2d 215 (Fla. 1985) (because of physician's constant interaction with the public, mental fitness and emotional stability are essential traits a physician must possess in order to competently practice medicine).
The order appealed from is in all respects
AFFIRMED.