531 So.2d 411 (1988)
Patricia MAJOR, M.D., Appellant,
v.
DEPARTMENT OF PROFESSIONAL REGULATION, BOARD OF MEDICINE, Appellee.
No. 87-1173.
District Court of Appeal of Florida, Third District.
September 27, 1988.
Steel, Hector & Davis and Elizabeth J. DuFresne, Miami, for appellant.
Lisa S. Nelson, Leslie Brookmeyer and William O'Neil, Tallahassee, for appellee.
*412 Before HUBBART, BASKIN and DANIEL S. PEARSON, JJ.
HUBBART, Judge.
This is an appeal from a final order of the Florida Board of Medicine which imposes certain additional conditions on, and extends by three years, the probation status of Dr. Patricia Major, who had previously been readmitted in 1984 to practice medicine in Florida on a probationary basis. In 1982, Dr. Major had relinquished, by stipulation, her Florida medical license in the face of pending charges involving alcohol and drug abuse. For the reasons which follow, we affirm.[1]
The primary contention raised by Dr. Major on appeal is that the final order impermissibly rejects the hearing officer's findings of fact and related legal conclusion that Dr. Major had not violated, as charged, Section 458.331(1)(s), Florida Statutes (1985). The hearing officer found  findings which the Board fully accepted  (a) that after approximately one-and-a-half years had expired on her three-year probation, Dr. Major was involved in a stormy emotional fight with her former roommate, (b) that she and her roommate were at the time receiving psychotherapy for this admittedly stormy relationship, (c) that she went drinking at various bars after the aforesaid fight and became publicly intoxicated to the extent of a .235 blood alcohol reading, (d) that she had a physical and emotional fight with another companion while on this drinking spree and was stripped of much of her clothing, (e) that the police arrested her in a state of undress on the street for public intoxication, (f) that she violently resisted this arrest while in a state of extreme intoxication and emotional distress, and (g) that she was thereafter involuntarily committed for the night under the Baker Act.[2] The hearing officer also recounted testimony by Dr. Major's former roommate that Dr. Major drank wine on a regular basis, sometimes to the point of intoxication,[3] and by one of Dr. Major's psychotherapists that she had admitted to him that she occasionally drank wine at dinner and had smoked a marijuana cigarette on her way to South Miami Hospital to seek therapy from him[4]  testimony which the Board alluded to in the final order.[5]
The hearing officer concluded that the evidence adduced before her did not establish, as charged, that Dr. Major is "unable to practice medicine with reasonable skill and safety to patients by reason of ... use of alcohol, drugs, narcotics, chemicals, ... or as a result of any mental or physical condition," § 458.331(1)(s), Fla. Stat. (1985), because, without dispute, her occasional drinking habits had not affected her professional performance as a doctor; indeed, the hearing officer found  a finding which the Board fully accepted  that Dr. Major has performed with considerable skill as a doctor while on probation.[6] The Board, however, gave the following reasons for rejecting *413 the hearing officer's above-stated legal conclusion.
"Based on a review of the record and the facts as found by the hearing officer, the Board finds that [r]espondent, an impaired physician, exhibited exceedingly poor judgment, resumed consuming alcoholic beverages (at times excessively), and smoked marijuana. (Note [f]indings of [f]act 17, 24, 25, 26). Based on proof of such conduct, the Board concludes that [p]etitioner has established that [r]espondent is or has been unable to practice medicine with reasonable skill and safety to patients by reason of illness or use of alcohol, drugs, narcotics, chemicals, or any mental or physical condition. The Board rejects the view of the hearing officer that the fact that no patient was injured is dispositive of this issue. The fact that no patient harm occurred was fortuitous. Section 458.331(1)(s), Florida Statutes, sets forth a violation when the physician is unable to practice medicine with reasonable skill and safety to patients. Surely, [r]espondent was unable to do so when her blood alcohol level was 0.235% percent. The statute does not require a showing that patient treatment occurred or was attempted at the time of disability."
Final Order, conclusions of law, para. 2. Accordingly, the Board extended Dr. Major's probation by three years and imposed certain additional probationary conditions.
We entirely agree with the Board and affirm. The admitted public intoxication incident with all of its bizarre aspects, coupled with Dr. Major's other occasional use of alcohol and one-time use of marijuana, shows that Dr. Major is still an impaired physician who has not been fully rehabilitated. Dr. Major admittedly has a history of alcohol and drug abuse in that she voluntarily relinquished her Florida medical license in 1982 based on past alcohol and drug abuse and was only readmitted in 1984 on a probationary basis. Then, after serving only one half of her three-year probation, she became involved in the aforesaid public intoxication incident which the Board was entitled to view with considerable seriousness. This was not, as urged, an isolated incident in Dr. Major's personal life which the Board was required to view as professionally irrelevant. On the contrary, it reflected seriously on Dr. Major's mental stability and, thus, her competency as a physician  given her documented past history of alcohol and drug abuse. It surely stands to reason that an impaired physician like Dr. Major who is capable of "falling off the wagon" in such an explosive way in her personal life may very well do so in her professional life as well  even if she has not as yet done so. Based on this showing, the Board was entitled to conclude that Dr. Major was, as charged, "unable to practice medicine with reasonable skill and safety to patients by reason of ... use of alcohol, drugs, narcotics, chemicals, ... or as a result of any mental or physical condition." § 458.331(1)(s), Fla. Stat. (1985). See Greenwald v. Department of Professional Regulation, Bd. of Medical Examiners, 501 So.2d 740 (Fla. 3d DCA), rev. denied, 511 So.2d 998 (Fla.), cert. denied, ___ U.S. ___, 108 S.Ct. 502, 98 L.Ed.2d 501 (1987); Clark v. Department of Professional Regulation, Bd. of Medical Examiners, 463 So.2d 328 (Fla. 5th DCA), rev. denied, 475 So.2d 693 (Fla. 1985); Gershanik v. Department of Professional Regulation, Bd. of Medical Examiners, 458 So.2d 302, 305 (Fla. 3d DCA 1984), rev. denied, 462 So.2d 1106 (Fla. 1985). Moreover, we do not agree with Dr. Major that the Board improperly rejected the hearing officer's findings of fact; the Board fully accepted these factual findings, but was free to reject the hearing examiner's legal conclusion drawn from such facts. § 120.57(1)(b)(9), Fla. Stat. (1985).
We have not overlooked Dr. Major's sincere and commendable progress toward rehabilitation as a physician and do not wish to be understood that there is nothing to be said in her favor. On the contrary, she is obviously a gifted physician who has made considerable good-faith efforts toward recovering from her past dependence on alcohol and drugs. All we hold today is that the Board of Medicine was entitled to conclude that she has not yet fully recovered *414 from her alcohol and drug dependence, that she is still unable to practice medicine on her own due to use of alcohol or drugs, and that she must remain on probation for an additional period of time with more restrictive conditions. The fact that Dr. Major has performed well as a physician while on probation and has not, as yet, let her personal problems affect her professional performance cannot change this result. Even talented physicians are capable of tragic mistakes if they practice while under the influence of alcohol or drugs  and the Board need not wait for a physician like Dr. Major to engage in such acts of gross malpractice before it acts, as here, to protect the public interest. Britt v. Department of Professional Regulation, Bd. of Medical Examiners, 492 So.2d 697, 698-99 (Fla. 1st DCA 1986); see Boedy v. Department of Professional Regulation, 463 So.2d 215, 217 (Fla. 1985); Florida Bd. of Bar Examiners Re: Applicant, 443 So.2d 71, 75 (Fla. 1983).
AFFIRMED.
NOTES
[1] We have been informed, since the filing of this appeal, that Dr. Major's medical license has been revoked by the Board of Medicine for violating, once again, the terms of her probation. No appeal has been filed from this revocation, which arguably moots this appeal; accordingly, the Department of Professional Regulation has moved to dismiss the appeal on that basis. Although there appears to be no formal legal mechanism for the Board of Medicine to set aside this revocation were we to reverse the instant order of probation, we assume that the Board would nonetheless be required, as a matter of due process, to vacate its aforesaid revocation in the event we were to reverse  which we decline to do  the underlying order of probation. We therefore deny the motion to dismiss. Compare Sheriff of Alachua County v. Hardie, 433 So.2d 15, 16 (Fla. 1st DCA 1983).
[2] Hearing officer's recommended order, findings of fact, paras. 24-27.
[3] Hearing officer's recommended order, findings of fact, para. 17. The hearing officer made no finding of fact concerning this testimony, but did reject the former roommate's testimony concerning a claimed unrelated suicide attempt by Dr. Major. Hearing officer's recommended order, findings of fact, para. 23, and conclusions of law.
[4] Hearing officer's recommended order, findings of fact, para. 30.
[5] Final order, conclusions of law, para. 2.
[6] Hearing officer's recommended order, conclusions of law, para. 3.