KAHN, Judge.
Dr. Murray Cohen appeals an order entered by the Board of Medicine refusing to reinstate Cohen’s license to practice medicine in Florida. A hearing officer from the Division of Administrative Hearings issued a Recommended Order recommending to the appellee Board of Medicine that appellant’s license to practice medicine be reinstated subject to the practice plan of two years of supervision proposed by appellant. The Board’s attorney filed exceptions to the recommended order and urged the Board to permanently bar Dr. Cohen from reinstatement. The Board granted the attorney’s exceptions to the recommended order, denied reinstatement and permanently barred Dr. Cohen from reinstatement. Dr. Cohen contends that the Board erred in rejecting the hearing officer’s order finding him fit to practice and that the Board erred in permanently revoking his license. We affirm in part and reverse in part.
We agree with the Board that Dr. Cohen has failed to establish any right to reinstatement of his medical license. We note that once a medical license is revoked, there is no absolute right to reinstatement. Although Florida Administrative Code Rule 21M-20.003(1)[1] affords certain former licensees the opportunity to be reinstated, neither the rule nor the governing legisla *479 tive enactments provide a guaranteed mechanism for relicensure. The Board relies upon the express language of § 458.-331(4), Florida Statutes (1987), which provides:
(4) The board shall not reinstate the license of a physician, or cause a license to be issued to a person it deems or has deemed unqualified, until such time as it is satisfied that he has complied with all the terms and conditions set forth in the final order and that such person is capable of safely engaging in the practice of medicine.
The Board acted within its authority pursuant to § 120.57(l)(b)10[2] in rejecting the hearing officer’s recommended conclusions of law and further in determining that the hearing officer’s findings of fact were not based upon competent substantial evidence. The standard of evidence required to support the recommended findings in a proceeding such as this must be gauged in light of the statutory directive quoted above. The Board clearly is not satisfied that appellant is capable of safely engaging in the practice of medicine. Under the statute, the Board is subject to a negative direction from the legislature concerning reinstatement of a license. It follows, then, that the burden upon a physician petitioning for reinstatement is extremely high. In this case, the burden has been intensified by Dr. Cohen himself by his prior careless, unwise and, at least on one occasion, criminal actions.[3]
We reject Dr. Cohen’s suggestion that Rule 21M-20.003 provides entitlement for reinstatement for physicians who find themselves under the pain of revocation. The opportunity to practice medicine is not an absolute right, but is subject to the well established police power of the state. Boedy v. Dep’t of Professional Regulation, 463 So.2d 215 (Fla.1985). The rule relied upon by Dr. Cohen affords him an opportunity for reinstatement. In ruling upon a proceeding under the rule, however, the Board is subject to the very strict dictates of § 458.331(4), which quite obviously place the public interest above the individual interests of unlicensed doctors seeking reinstatement.
Dr. Cohén further argues that the Board exceeded its authority in purporting to permanently revoke his license, thereby barring any future attempts at reinstatement. Dr. Cohen has perhaps abused the rule’s reinstatement procedure by petitioning nine times in the space of just a few years. Indeed, his seemingly endless petitions might be said to constitute additional evidence that he does not fully appreciate the seriousness of his actions, or the severity of his punishment. We do not, however, rule on the issue of whether the Board, after the licensee has petitioned for reinstatement, can permanently bar reinstatement of a license which was revoked prior to June 5,1983.[4] This issue was not before the hearing officer.[5] The only issue was *480 whether the Board erred in finding that Dr. Cohen was not qualified to practice medicine at the time reinstatement was denied. The recommended order did not permanently bar Dr. Cohen from petitioning for reinstatement, and this issue was not litigated before the hearing officer. Therefore, the Board erred in reaching that issue.
Accordingly, we delete the language from the order on appeal determining that there shall be no reconsideration of the revocation of Dr. Cohen’s license, and in all other regards affirm the determination of the Board of Medicine.
BOOTH and WOLF, JJ., concur.

. Rule 21M-20.003(1) provides:
21M-20.003 Reinstatement of License.
(1) No license to practice medicine in Florida which was revoked by the Board after June 5, 1983, or which was voluntarily relinquished after July 1, 1988, shall be subject to reinstatement unless leave to petition for reinstatement was specifically authorized in the final order. A physician whose license was revoked or relinquished may, however apply for relicensure unless, in the case of relinquishment, the physician explicitly agreed never to reapply for licensure.
Dr. Cohen’s license was revoked prior to June 5, 1983, and therefore is within the class of licen-cees who could petition for reinstatement after their licenses were revoked.

. Section 120.57(l)(b)10, Florida Statutes provides:
The agency may adopt the recommended order as the final order of the agency. The agency in its final order may reject or modify the conclusions of law and interpretation of administrative rules in the recommended order, but may not reject or modify the findings of fact unless the agency first determines from a review of the complete record, and states with particularity in the order, that the findings of fact were not based upon competent substantial evidence or that the proceedings on which the findings were based did not comply with essential requirements of law.

. Dr. Cohen pled guilty to one count of mail fraud, a federal offense. The mail fraud arose out of a ten count indictment for medicare fraud based on Dr. Cohen's submission of medicare claims during the months he continued to practice medicine after his license was suspended.

. See footnote 1.

. The Board’s attorney asserted in her opening statement that “The Board has not taken the position that he has no right to Petition for Reinstatement_ [I]t’s clear that the Board, having made a policy decision as of a certain date, is bound to it’s statement of policy that it will not apply that decision to people who were revoked before that date. So he is authorized to petition, but I don’t think that means the Board is required to reinstate him.”
In her closing argument, the Board’s attorney again demonstrated that the issue at the hearing was not whether Dr. Cohen could or should be permanently barred from petitioning for reinstatement. The attorney stated:
*480 I believe the issue here is he can petition, he is clearly within that group of people who are allowed to petition. But it doesn’t mean he will ever be reinstated. He should not ever be reinstated until, or unless he shows that he is currently, at the time of the hearing, capable; mentally, physically, and educationally, and in every other way, capable of walking into an office and beginning the practice of medicine. (E.S.)