KAHN, J.
Appellant Charles E. Doll seeks review of a final order issued by appellee, Florida Department of Health revoking appellant’s chiropractic license. Doll also seeks re *1104 view of portions of the Department’s order assessing costs and attorneys’ fees against him. We affirm the license revocation. We vacate portions of the cost order and remand for further proceedings.

Background

On September 30, 2003, in the United District Court for the Middle District of Florida, Jacksonville Division, appellant entered a guilty plea to a charge of conspiracy to defraud a health beneficiary program under 18 U.S.C. sections 371 and 1347. Section 371 is the general conspiracy provision in the federal criminal code. Section 1347, entitled “Health Care Fraud,” provides:
§ 1347. Health care fraud
Whoever knowingly and willfully executes, or attempts to execute, a scheme or artifice—
(1) to defraud any health care benefit program; or
(2) to obtain, by means of false or fraudulent pretenses, representations, or promises, any of the money or property owned by, or under the custody or control of, any health care benefit program,
in connection with the delivery of or payment for health care benefits, items, or services, shall be fined under this title or imprisoned not more than 10 years, or both. If the violation results in serious bodily injury (as defined in section 1365 of this title), such person shall be fined under this title or imprisoned not more than 20 years, or both; and if the violation results in death, such person shall be fined under this title, or imprisoned for any term of years or for life, or both.
The federal court imposed judgment and sentence, including a term of probation, a fine, and substantial restitution to defrauded programs. With regard to the facts underlying the federal indictment, the administrative law judge found as follows:
5. [Doll] was vice-president of Jacksonville Health Care Systems (JHCS) during all relevant times of the alleged criminal conspiracy.
6. JHCS operated as a medical clinic offering and supplying chiropractic and medical services to patients.
7. [Doll] caused or allowed claims to be filed with Medicare and other health care benefit programs claiming reimbursement for the professional component of Magnetic Resonance Imaging tests (MRI).
8. For Diagnostic Ultrasound (DU) and Nerve Conduction Velocity (NCV) billing, [Doll] submitted claims for the technical portion of an [sic] DU or NCV test, which is the performance of the test, even though Respondent did not contribute his professional expertise to the performance of the test.
9. After tests were completed [Doll] would submit (some) claims to be filed by JHCS to various health care benefit programs for the technical component of the DU and NCV tests.
[[Image here]]
14. [Doll] caused or allowed claims to be filed by JHCS with Medicare and other health care benefit programs claiming reimbursement of the professional component of MRI tests. The MRIs were read and interpreted by a qualified radiologist, who was paid for each read by JHCS and was given an IRS form 1099 for all fees paid to him.
15. [Doll] caused or allowed claims to be filed by JHCS with Medicare and other health care benefit programs claiming reimbursement for the technical portion for DU and *1105 NCV, which is the administration of the test. Ail tests were performed by a qualified person employed by a company not owned by JHCS.
At a later date, appellee brought this disciplinary action against Doll. For purposes of this appeal, only Count I of the administrative complaint remains relevant. In this count, the Department charged appellant with violating section 456.072(1)(c), Florida Statutes (2003). The statute provides the following ground for discipline:
Being convicted or found guilty of, or entering a plea of guilty or nolo conten-dere to, regardless of adjudication, a crime in any jurisdiction which relates to the practice of, or the ability to practice, a licensee’s profession.
§ 456.072(1)(0), Fla. Stat. (2003).
Finding that appellant had, in fact, violated the pertinent statute, the administrative law judge made the following conclusions of law in the recommended order, all of which the Department accepted and adopted:
43. It has been proven that [Doll] entered a plea to conspiracy to defraud a health care benefit program under 18 U.S.C. §§ 1347 and 371, an offense related to the practice of chiropractic’medicine. In arriving at this conclusion, the penal nature of this case is recognized and Section 457.072(1)(c), Florida Statutes (2003)[sic], has been strictly construed in determining whether a violation occurred. See State v. Pattishall, 99 Fla. 296, 126 So.147 (1930), and Lester v. Department of Professional and Occupational Regulations, State Board of Medical Examiners, 348 So.2d 923 (Fla. 1st DCA 1977).
• 44. To decide whether the plea of guilty is related to the practice of or the ability to practice chiropractic medicine, that inquiry was not limited to the technical ability of [Doll] in his practice in an office setting. If the crime relates to or presents a danger to public welfare, as it did, that in itself would be grounds to impose discipline. See Rush v. Department of Professional Regulation, Board of Podiatry, 448 So.2d 26 (Fla. 1st DCA 1984); Ashe v. Department of Business and Professional Regulation [Department of Professional Regulation, Board of Accountancy], 467 So.2d 814 (Fla. 5th DCA 1985) and Greenwald v. Department of Professional Regulation, 501 So.2d 740 (Fla. 3d DCA 1987), rev. denied, 511 So.2d 998, cert. denied, 484 U.S. 986, 108 S.Ct. 502, 98 L.Ed.2d 501 (1987).
45. Among the terms of the sentence imposed in federal court was the need to make restitution to a number of companies who had lost money. The sentence imposed is read to mean that restitution must be made to insurance companies in that list as well as DHHS/CMMS, Division. of Accounting. DHHS is read to mean the U.S. Department of Health and Human Services. This need for restitution made [Doll] accountable for his prior actions, which had been contrary to public welfare, in particular as they related to DHHS.
46. The crimes to which [Doll] pled guilty in federal court demonstrate a lack of honesty, integrity, and judgment in conspiring to defraud a health care benefit program by a person licensed as a health care provider. That conduct breached the trust and confidence placed in [Doll] by his licensure as a chiropractic physician.
Subsequently, the Department entered an order ássessing costs, including attorneys’ fees, against appellant. He now seeks review of the revocation and the costs order.

*1106
Analysis

As to his adjudication on the substantive charges, appellant argues that the administrative law judge wrongly found a connection between the acts for which appellant plead guilty in federal court and the charges brought against him in the administrative complaint. Appellant also argues that the administrative law judge’s conclusion that appellant’s crime demonstrated “a danger to public welfare” misses the mark because the substantive federal crime as to which appellant pled guilty had nothing to do with the practice of chiropractic medicine or appellant’s ability to practice medicine. We must reject appellant’s strained construction.
Several cases demonstrate that, although the statutory definition of a particular profession does not specifically refer to acts involved in the crime committed, the crime may nevertheless relate to the profession. In Greenwald v. Department of Professional Regulation, the court affirmed the revocation of a medical doctor’s license after the doctor was convicted of solicitation to commit first-degree murder. 501 So.2d 740 (Fla. 3d DCA 1987). The Fifth District Court of Appeal has held that although an accountant’s fraudulent acts involving gambling did not relate to his technical ability to practice public accounting, the acts did justify revocation of the accountant’s license for being convicted of a crime that directly relates to the practice of public accounting. Ashe v. Dep’t of Prof'l Regulation, Bd. of Accountancy, 467 So.2d 814 (Fla. 5th DCA 1985). We held in Rush v. Department of Professional Regulation, Board of Podiati% that a conviction for conspiracy to import marijuana is directly related to the practice or ability to practice podiatry. 448 So.2d 26 (Fla. 1st DCA 1984). These cases demonstrate, in our view, that appellee did not err by concluding Doll’s conviction was “related to” the practice of chiropractic medicine or the ability to practice chiropractic medicine. We therefore affirm ap-pellee’s actions finding appellant in violation of section 456.072(l)(c) and revoking appellant’s license.
As to the issue of costs, appellant makes two arguments directed toward different portions of the cost assessment. First, appellant argues the controlling statute did not allow attorneys’ fees. Next, appellant argues, as to certain costs assessed against him, the Department failed to provide sufficient supporting information.
Section 456.072(4), Florida Statutes, controls the award of costs in this matter. Appellant argues that the Department had no statutory authority to assess costs for its attorney’s time because the 2000 version of that statute permitted only “costs related to the investigation and prosecution of the case.” Appellee responds that the applicable version of the statute is found in certain. 2003 legislative amendments. See Ch.2003-416, § 19, at 4051, Laws of Fla. The 2003 amendment specifically allows recovery of “costs related to the time spent by the attorney and other personnel working on the case.” Id. This version of the statute became effective September 15, 2003. See id. § 87, at 4122. The record establishes that both the federal criminal filing and appellant’s guilty plea occurred after the effective date of the statute. Because the administrative charges, as alleged by the Department, make the guilty plea the operative event, the 2003 amendment applies, as the Department has urged. The Department’s decision to award attorneys’ fees is affirmed, but, as set out below, the award itself must be vacated in part.
The Department concedes that a portion of the cost assessment is not properly supported. In particular, despite Doll’s written objections to the claimed costs, the *1107 administrative prosecutor failed to provide the Board with enough detail to support $10,260.39 of the costs the Department claimed for time spent by its personnel, including attorney time spent. Accordingly, we reverse this portion of the costs award for failure of proof. See § 456.072(4), Fla. Stat. (2004) (“The board ... shall determine the amount of costs to be assessed after its consideration of an affidavit of itemized costs and any written objections thereto.”); Rodriguez v. Campbell, 720 So.2d 266, 268 (Fla. 4th DCA 1998) (“Generally, when an attorney’s fee or cost order is appealed and the record on appeal is devoid of competent substantial evidence to support the order, the appellate court will reverse the award without remand.”); Warner v. Warner, 692 So.2d 266, 268 (Fla. 5th DCA 1997) (“The party failing to establish its attorney’s fees claim is not entitled to a second opportunity to make the requisite showing.”). See also Golian v. Wollschlager, 893 So.2d 666, 669 (Fla. 1st DCA 2005) (“[Hjaving been afforded one evidentiary hearing on costs, appellee is not entitled to a second opportunity to present sufficient evidence.”); Powell v. Barnes, 629 So.2d 185, 186 (Fla. 5th DCA 1993) (“Having been afforded one evidentiary hearing on costs, the plaintiffs are not entitled to a second bite at the apple.”).
We AFFIRM the license revocation. We VACATE the costs order and remand for entry of a costs award less the $10,260.39 not proven by the Department.
WEBSTER and ROBERTS, JJ., concur.